**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                      :
MARTEL JOHNSON,                       :
                                      :    Civil Action No. 10-3557 (JEI)
            Petitioner,               :
                                      :
      v.                              :    **MEMORANDUM OPINION AND ORDER**
                                      :
DONALD MEE, JR.,                      :
                                      :
            Respondent.               :
_____     :

      IT APPEARING THAT:

1.    On July 2, 2010, Martel Johnson ("Petitioner"),[1] an inmate
      confined at the East Jersey State Prison, Rahway, New Jersey,
      executed a <u>pro se</u> Petition seeking a Writ of Habeas Corpus
      pursuant to 28 U.S.C. § 2254 and, on August 13, 2010,
      submitted his duly executed application to proceed in this
      matter <u>in forma pauperis</u>.  <u>See</u> Docket Entries Nos. 1 and 2.

2.    The Petition asserts that, on July 30, 1998, Petitioner was
      convicted on a panoply of different state charges; the prison
      term of eighteen years was imposed on the basis of these
      charges.[2]  <u>See</u> Docket Entry No. 1, at 3.

_____

      [1]  Petitioner is also known as Hassan K. Muhammad.  <u>See</u>
<u>State v. Johnson</u> ("<u>Johnson App. II</u>"), 2009 WL 790507, at *1 (N.J.
Super. Ct. App. Div., Mar. 27, 2009).

      [2]  A more precise account of Petitioner's conviction and
sentence is as follows:

      [Petitioner] was originally indicted for three counts of
      first-degree robbery, . . . ; two counts of second-degree
      possession of a weapon for an unlawful purpose, . . . ;
      three counts of third-degree unlawful possession of a
      weapon, . . . ; and three counts of fourth-degree possession

3.   According to the Petition:

    a.   Petitioner appealed his conviction and sentence; and

    b.   on October 7, 1999, the Superior Court of New Jersey, Appellate Division, affirmed Petitioner's conviction but remanded Petitioner's matter for resentencing.  See id.

4.   Apparently unsatisfied with the Appellate Division's determination, Petitioner sought certification from the Supreme Court of New Jersey, which initially denied certification but, on March 8, 2000, granted certification and addressed Petitioner's challenges.  See id. at 4.  The Supreme Court of New Jersey modified the Appellate Division's decision as to the NERA issue and affirmed the trial court and Appellate Division's findings in all other respects; that

_____

of a weapon by a convicted person, . . . .  The parties agreed that to avoid undue prejudice to [Petitioner], a severance was required.  He was initially tried in March 1998 on one count of first-degree robbery and charges of unlawful possession of a weapon and possession of a weapon for an unlawful purpose.  That jury was only able to agree on a verdict of guilty to one count of unlawful possession of a weapon; a mistrial was declared with respect to the remaining counts.  A second trial was conducted in June 1998, and that jury found [Petitioner] guilty of first-degree robbery, possession of a weapon for an unlawful purpose and unlawful possession of a weapon.  A negotiated plea resolved the remaining counts of the indictment.  The trial court sentenced [Petitioner] to eighteen years in prison for robbery, subject to the parole ineligibility provisions of the No Early Release Act ("NERA") [and] to concurrent terms of incarceration for the remaining convictions.

Johnson App. II., at *1.

2

decision was entered on February 28, 2001.  See State v.
Johnson, 1666 N.J. 523 (2001).

5.  The Petition clarifies that Petitioner sought post-conviction
relief ("PCR"), the application for which was filed sometime
in "May 2003," see Docket Entry No. 1, at 4, and which was
denied by the Superior Court of New Jersey, Law Division, on
June 7, 2007.  See id. at 55.  The Appellate Division affirmed
the trial court's decision on March 27, 2009, see Johnson App.
II, and the Supreme Court of New Jersey denied Petitioner
certification as to his PCR on July 20, 2009.  See State v.
Johnson, 200 N.J. 209 (2009).

6.  Almost a year later, that is, on July 2, 2010, Petitioner
executed the Petition at bar.[3]  See Docket Entry No. 1, at 1.

7.  On April 24, 1996, Congress enacted the Anti-Terrorism and
Effective Death Penalty Act ("AEDPA"), which provides that
"[a] 1-year period of limitation shall apply to an application
for a writ of habeas corpus by a person in custody pursuant to

---

[3]  Under the "prisoner mailbox rule," the litigant's
submission is deemed filed as of the date when the prisoner hand
delivered the submission to his/her prison officials for mailing
to the district court, that is, provided that such mailing is
eventually – but in fact – received by the district court.  See
Burns v. Morton, 134 F.3d 109, 112 (3d Cir. 1998).  Since it is
self-evident that Petitioner could not have delivered his
Petition to his prison officials prior to the date of its
execution, the Court – construing the known facts in light most
favorable to Petitioner for the purposes of the instant
Memorandum Opinion and Order – presumes that the Petition was
"filed" on July 2, 2010, although it is indeed plausible that
such filing actually took place on a later date.

the judgment of a State court." 28 U.S.C. § 2244(d)(1). For the purposes of Petitioner's Application, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). A state-court criminal judgment becomes "final" within the meaning of §2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13. Here, Petitioner's AEDPA period of limitations began to run 90 days after the Supreme Court of New Jersey issued its decision as to his direct appeal, i.e., 90 days after February 28, 2001 (that is, on May 29, 2001), and expired one year later, that is, on May 28, 2002, about a year prior to Petitioner's filing of his PRC (which was, according to the Petition, filed sometime in May 2003).

8. The statute of limitations under § 2244(d) is subject to tolling exception(s), that is, statutory tolling and, perhaps, equitable tolling.[4]  See Merritt v. Blaine, 326 F.3d 157, 161

_____

[4]  Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814, n.8 (2005) ("We have never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations").

(3d Cir. 2003); <u>Miller v. N.J. State Dep't of Corr.</u>, 145 F.3d 616, 617-18 (3d Cir. 1998).

9. Section 2244(d)(2) requires statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), provided that the application to the state court seeking collateral review was filed during the period of limitations.

10. Here, however, no statutory tolling associated with Petitioner's filing of his PCR is applicable to the Court's analysis, since Petitioner filed his PCR about a year after his period of limitations expired.[5] <u>See Long v. Wilson</u>, 393 F.3d 390, 394-95 (3d Cir. 2004); <u>Schlueter v. Varner</u>, 384 F.3d 69, 78-79 (3d Cir. 2004).

---

[5] Moreover, even if the statutory tolling would be applicable, Petitioner's instant Petition was executed almost a year after the Supreme Court of New Jersey denied him certification as to his PRC (specifically, the span of time from that denial and Petitioner's execution of the Petition was just 17 days short of a year, which means that the statutory tolling – even if it were applicable – would not have salvaged the Petition if Petitioner filed his PRC more than mere 17 days after the entry of the final decision rendered by the Supreme Court of New Jersey as to his direct appeal.  In other words, the actual delay in Petitioner's filing his instant application is equal to more than eight years (due to inapplicability of the statutory tolling) and - even if the statutory tolling somehow applied - that delay would still be about two years.

11. Presuming that the AEDPA statute of limitations is subject to equitable tolling, see Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998), "a litigant seeking equitable tolling [would] bear[] the burden of establishing two elements: (a) that he has been pursuing his rights diligently, and (b) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005). The Third Circuit instructs that equitable tolling could be appropriate only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005). Mere excusable neglect is not sufficient. See id.; see also Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). Extraordinary circumstances have been found where: (a) the respondent has actively misled the plaintiff, (b) the petitioner has in some extraordinary way been prevented from asserting his rights, (c) the petitioner has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (d) the court itself has misled a party regarding the steps that the party needs to take to

preserve a claim.  See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).  Moreover, even where extraordinary circumstances do exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

12. Since the Petition, as it stands now, is entirely silent as to any circumstances that might prompt this Court to consider equitable tolling applicable to the entirety of the period from May 28, 2002, to July 2, 2010, or even to any part thereof, this Court finds the Petition untimely and will dismiss it accordingly, without reaching the issue of due exhaustion of Petitioner's current claims or the merits of these claims.

**THEREFORE IT IS** on this 24th day of August, 2010,

**ORDERED** that Petitioner's application to proceed in this matter in forma pauperis is granted; and it is further

**ORDERED** that Petition is dismiss, as untimely, pursuant to 28 U.S.C. § 2254; and it is further

**ORDERED** that the Court denies Petitioner a certificate of appealability, pursuant to 28 U.S.C. § 2253(c);[6] and it is finally

**ORDERED** that the Clerk shall serve this Order upon Petitioner by regular U.S. mail and close the file in this matter.


                          s/ Joseph E. Irenas
                          **Joseph E. Irenas**
                          **Senior United States District Judge**

---

[6]   The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA") on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."   Id.   The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.